# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK; MICHELLE PARK,<br><br>                    Plaintiffs,<br>vs.<br>U.S. BANK NATIONAL ASSOCIATION (TTEE); CREDIT SUISSE FINANCIAL CORPORATION; QUALITY LOAN SERVICE CORPORATION; OLD REPUBLIC TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS – "MERS" (BENEFICIARY); SELECT PORTFOLIO SERVICING; DOES 1-10,<br><br>                    Defendants. | CASE NO. 10cv1546-WQH-WMc<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are (1) three Motions for Default Judgment as to Defendants Credit Suisse Financial Corporation ("Credit Suisse"), Quality Loan Service Corporation ("Quality Loan"), Old Republic Title Company ("Old Republic"), Mortgage Electronic Registration Systems ("MERS"), and Select Portfolio Servicing, filed by Plaintiffs Sean M. Park and Michelle Park (ECF Nos. 18, 30, 32); (2) Motion to Set Aside Default filed by Defendants Credit Suisse, MERS and Select Portfolio Servicing (ECF No. 17); (3) Motion to Set Aside Default filed by Defendant Quality Loan (ECF No. 33); and (4) three Motions to Strike filed by Plaintiffs (ECF Nos. 20, 27, 37).

# BACKGROUND

On July 26, 2010, Plaintiffs, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). The Complaint alleges 14 causes of action arising from a mortgage transaction in the amount of $840,000, and related to Plaintiffs' purchase of real property located at 7421-7423 Draper Avenue, La Jolla, California.

On August 13, 2010, Defendant Quality Loan filed a Declaration of Nonmonetary Status pursuant to California Civil Code 2924*l*. (ECF No. 3).

On August 18, 2010, Defendant Old Republic filed an Answer. (ECF No. 4).

On August 19, 2010, Plaintiffs filed returns of service indicating that Credit Suisse, Quality Loan, Old Republic, MERS and Select Portfolio Servicing were each served with the Summons and Complaint via Federal Express delivery on July 27, 2010. (ECF Nos. 5-9).

On August 20, 2010, Plaintiffs filed a request for Clerk's entry of default against Credit Suisse, Quality Loan, Old Republic, MERS and Select Portfolio Servicing. (ECF No. 10).

On August 25, 2010, the Clerk of the Court entered Default as to Credit Suisse, Quality Loan, MERS and Select Portfolio Servicing. (ECF No. 11).

On August 27, 2010, Plaintiffs filed an Objection to Quality Loan's Declaration of Nonmonetary Status. (ECF No. 16).

On September 2, 2010, Plaintiffs filed a Motion for Default Judgment as to Credit Suisse, Quality Loan, Old Republic, MERS and Select Portfolio Servicing. (ECF No. 18).

On September 3, 2010, Credit Suisse, MERS and Select Portfolio Servicing filed the Motion to Set Aside Default. (ECF No. 17). The moving Defendants "request[] that the Court set aside their default on the ground of attorney's fault since Defendants did not file an answer because of its attorney's error in calendaring a response to the Complaint. In addition, Defendants have a meritorious defense and Plaintiffs will not be prejudiced by this relief." *Id*. at 4. The moving Defendants attached a proposed motion to dismiss the Complaint in support of their contention that they have a meritorious defense.

On September 3, 2010, Plaintiffs filed a "Motion to Strike ... all attorneys for Defendant Old Republic Title for refusal to address Causes of Action to Complaint." (ECF No. 20).

1  On September 14, 2010, Plaintiffs filed a Motion to Strike the Motion to Set Aside
2 Default. (ECF No. 27).
3  On September 16, 2010, Plaintiffs filed a second Motion for Default Judgment as to
4 Credit Suisse, Quality Loan, Old Republic, MERS and Select Portfolio Servicing. (ECF No.
5 30).
6  On September 17, 2010, Old Republic filed oppositions to Plaintiffs' Motion for Default
7 Judgment and Motion to Strike. (ECF Nos. 24, 25).
8  On September 21, 2010, Quality Loan filed an opposition to the Motion for Default
9 Judgment. (ECF No. 31).
10  On September 21, 2010, Plaintiffs filed a third Motion for Default Judgment as to Credit
11 Suisse, Old Republic, MERS and Select Portfolio Servicing. (ECF No. 32).
12  On September 23, 2010, Quality Loan filed the Motion to Set Aside Default. (ECF No.
13 33). Quality loan contends:

> [E]ntry of default was improperly entered by the court clerk by inadvertent error. Prior to entry of default, Quality had in fact filed a response to Plaintiffs' Complaint. The response filed by Quality was a ... Declaration of Nonmonetary Status.... California Civil Code § 2924*l* excuses a Trustee under a Deed of Trust from litigation if no objection is filed and served within fifteen (15) days of service of said declaration.

(ECF No. 33-1 at 5).

 On September 23, 2010, Plaintiffs filed a memorandum of points and authorities in support of the Motions for Default Judgment. (ECF No. 35).

 On September 23, 2010, Plaintiffs filed a Motion to Strike the Motions to Set Aside Default. (ECF No. 37).

 On October 8, 2010, Credit Suisse, MERS and Select Portfolio Servicing filed an opposition to the Motion for Default Judgment. (ECF No. 39).

 On October 20, 2010, Plaintiffs filed a reply in support of the Motion for Default Judgment and a Request for Judicial Notice. (ECF No. 41, 43).

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed

1 to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ.
2 P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has
3 been entered by the Clerk of the Court. Rule 55(c) provides that a court may set aside a default
4 for "good cause shown." Fed. R. Civ. P. 55(c).

5       "The [Rule 55] good cause analysis considers three factors: (1) whether [defendant]
6 engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious
7 defense; or (3) whether reopening the default judgment would prejudice [plaintiff]." *Franchise
8 Holding II, LLC. v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)
9 (quotation omitted). In determining whether to enter default judgment, a court considers the
10 three "good cause" factors, as well as the amount of money at stake, the sufficiency of the
11 complaint, the possibility of disputes to any material facts in the case, and the public policy
12 favoring resolutions of cases on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th
13 Cir. 1986). "[T]he general rule is that default judgments are ordinarily disfavored. Cases
14 should be decided upon their merits whenever reasonably possible." *Id*. at 1472.

15       "[A] defendant's conduct is culpable if he has received actual or constructive notice of
16 the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v.
17 Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *see also id*. at 698 ("[W]e have typically held
18 that a defendant's conduct was culpable ... where there is no explanation of the default
19 inconsistent with a devious, deliberate, willful, or bad faith failure to respond.").

20       The Clerk has entered default against four Defendants: Credit Suisse, MERS, Select
21 Portfolio Servicing, and Quality Loan. Credit Suisse, MERS and Select Portfolio Servicing
22 have produced an affidavit indicating that their attorney "failed to respond within the time
23 permitted by law because [she] failed to calendar a response to the Complaint upon notice of
24 service on Defendants. [She] was out of the country on vacation from August 16, 2010 to
25 August 21, 2010." (Palaganas Decl. ¶ 3, ECF No. 17 at 11). Quality Loan has indicated that
26 it failed to respond because it had timely filed a Declaration of Nonmonetary Status and
27 Plaintiffs had not objected as of the time the Clerk entered default against Quality Loan. The
28 Court finds that Defendants did not intentionally fail to answer or otherwise engage in culpable

conduct which led to the default.[1]

The burden on a defaulted defendant to show that it has a meritorious defense "is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700; *see also id.* (stating that defendant satisfied this factor when defendant "assert[s] a ... defense whose litigation ... would not be a wholly empty exercise"). The Court has reviewed the Complaint and Defendants' proposed motion to dismiss, and the Court finds that Defendants have shown that they have a sufficiently meritorious defense to warrant denying default judgment and default being set aside. By making this finding, the Court does not rule on the merits of the proposed motion to dismiss. The Court reserves ruling on the proposed motion to dismiss until after it has been filed and fully briefed.

"To be 'prejudicial,' the setting aside of a [default] judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *Id.* at 701 (quotation omitted). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id.*; *see also id.* ("[T]o be considered prejudicial, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.") (quotation omitted).

Plaintiffs contend that they will be prejudiced because Defendants "continue to proceed to foreclose" and there is a trustee's sale scheduled for November 29, 2010. (ECF No. 35 at 4). However, if the Court were to grant the Motions for Default Judgment, final judgment in this case would not be entered until substantially later than November 29, 2010. *Cf. Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (after entering default judgment, court must receive evidence and issue findings concerning damages). The Court finds that the setting aside of default will not cause Plaintiffs prejudice beyond delaying the resolution of the case.

---

[1] The Court does not decide whether the procedure set forth in California Civil Code § 2924*l* applies in federal court. *Cf. Tran v. Washington Mut. Bank*, No. Civ. S-09-3277, 2010 WL 520878, at *1 (E.D. Cal., Feb. 11, 2010) ("California Civil Code § 2924*l* is a state procedural rule, and not state substantive law. Accordingly, nonmonetary status may not be granted in federal court.") (citation omitted).

The Court finds that Defendants have shown good cause why default should be set aside pursuant to Rule 55(c). The Court further finds that the remaining *Eitel* factors, including the substantial amount of money at stake and "the public policy favoring resolutions of cases on the merits," favor denying the Motions for Default Judgment pursuant to Rule 55(b). *Eitel*, 782 F.2d at 1472.

## CONCLUSION

IT IS HEREBY ORDERED that (1) the Motions for Default Judgment are DENIED (ECF Nos. 18, 30, 32); (2) the Motions to Set Aside Default are GRANTED (ECF Nos. 17, 33); and (3) the Motions to Strike are DENIED (ECF Nos. 20, 27, 37). Pursuant to Federal Rule of Civil Procedure 55(c), default is set aside at to Defendants Credit Suisse Financial Corporation, Quality Loan Service Corporation, Mortgage Electronic Registration Systems, and Select Portfolio Servicing. (ECF No. 11). Defendants Credit Suisse Financial Corporation, Quality Loan Service Corporation, Mortgage Electronic Registration Systems, and Select Portfolio Servicing shall answer or otherwise respond to the Complaint no later than ten (10) days from the date this Order is filed.

DATED: November 19, 2010

                               *William Q. Hayes*
                               **WILLIAM Q. HAYES**
                               United States District Judge