# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. PARK; MICHELLE PARK,<br><br>　　　　　　　　　Plaintiffs,<br>　vs.<br>U.S. BANK NATIONAL ASSOCIATION (TTEE); CREDIT SUISSE FINANCIAL CORPORATION; QUALITY LOAN SERVICE CORPORATION; OLD REPUBLIC TITLE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS – "MERS" (BENEFICIARY); SELECT PORTFOLIO SERVICING; DOES 1-10,<br><br>　　　　　　　　　Defendants. | CASE NO. 10cv1546-WQH-WMc<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the (1) Motion to Dismiss Complaint (ECF No. 45); (2) Motion for Extension of Time and for Leave to File Amended Complaint (ECF No. 47); (3) Motion for Extension of Time to File Surreply in Opposition to the Motion to Dismiss (ECF No. 55); (4) Motion for Injunctive Relief (ECF No. 56); (5) Motion for Preliminary Injunction Against Fraudulent Conveyance of Title (ECF No. 61); (6) Motion for Leave to File Second Amended Complaint to Add New Defendants (ECF No. 71); (7) Motion for Leave to File Excess Pages in Reply to Opposition to Motion for Preliminary Injunction (ECF No. 72); (8) Motion to Strike the Motion for Leave to File Second Amended Complaint (ECF No. 73); (9) Amended Motion for Leave to File Second Amended Complaint to Add New Defendants (ECF No. 82); and (10) Motion to Strike Late Filed Reply Brief (ECF No. 84).

BACKGROUND

On July 26, 2010, Plaintiffs, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). The Complaint alleges fourteen causes of action arising from a mortgage transaction in the amount of $840,000, related to Plaintiffs' purchase of real property located at 7421-7423 Draper Avenue, La Jolla, California.

On November 23, 2010, all remaining Defendants filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 45).

On December 13, 2010, Plaintiffs filed a Motion for Extension of Time and for Leave to File an Amended Complaint. (ECF No. 47). Plaintiffs stated that they sought to "expand the scope of the original Complaint to encompass new causes of action pursuant to the wrongful default of Plaintiffs' property that occurred since the Complaint was filed, and new facts and evidence recently discovered pursuant to a recently commissioned forensic loan audit by a qualified predatory lending fraud analyst." *Id*. at 3.

On January 3, 2011, Plaintiffs filed a Motion for Injunctive Relief, seeking an order halting the sale of Plaintiffs' property scheduled for January 4, 2011. (ECF No. 56).

On January 10, 2011, Plaintiffs filed a Motion for Preliminary Injunction Against Fraudulent Conveyance of Title. (ECF No. 61).

On February 1, 2011, Plaintiffs filed a Motion for Leave to File Second Amended Complaint to Add New Defendants. (ECF No. 71).

On February 14, 2011, Defendants filed a Motion to Strike the Motion for Leave to File Second Amended Complaint. (ECF No. 73).

On March 18, 2011, Plaintiffs filed an Amended Motion for Leave to File Second Amended Complaint to Add New Defendants. (ECF No. 82).

DISCUSSION

*I.    Motion for Preliminary Injunction*

Plaintiffs move for "a preliminary and permanent injunction and for a related order to set aside the January 4, [2011] illegal public auction sale and fraudulent conveyance of the

subject property title ... and for further injunctive relief against any further foreclosure against the subject property by Defendants ... until all of Plaintiffs' issues have been fairly and equitably adjudicated by this Court." (ECF No. 61 at 2). In support of the motion, Plaintiffs submit an affidavit of Plaintiff Sean M. Park, and a variety of exhibits. (ECF Nos. 61-2, 63, 75).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, --- U.S. ----, 129 S. Ct. 365, 374 (2008); *see also Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

At a minimum, "the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted). "[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citation omitted); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended are not enough" to constitute irreparable injury) (quotation omitted).

The Complaint does not allege that Plaintiffs reside in the property which is the subject of this litigation. In filings in three related cases pending in this Court, Plaintiffs state that the properties are investment properties. *See* S.D. Cal. Civil Case Nos. 11cv477, 11cv478, 11cv479. Plaintiffs have failed to demonstrate that, if they were to ultimately prevail in this litigation, monetary damages would not adequately compensate them for the loss of their investment properties. *Cf. Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984) (reversing the grant of an injunction of a commercial property lease because, inter

alia, "Goldie's harm would be easily calculable and compensable in damages"); *Breinholt v. Popular Warehouse Lender*, No. 10cv587, 2010 WL 4922341, at *1 (D. Idaho, Nov. 29, 2010) (denying preliminary injunction because "the record suggests that the Tanglerose residence is an investment property" and "[t]hus, Plaintiffs do not face the loss of their home but rather only face financial injury, which is compensable in large part, if not entirely, in damages") (quotation omitted). The Court finds that Plaintiffs have failed to demonstrate that they are likely to suffer irreparable harm in the absence of preliminary relief.

If the moving party fails to meet the "minimum showing" of a likelihood of irreparable injury, a court "need not decide whether [the movant] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Accordingly, the Motion for Preliminary Injunction is denied.

*II.    Amended Motion for Leave to File Second Amended Complaint*

Plaintiffs move for leave to file a second amended complaint to add "new causes of action related to a wrongful foreclosure sale" and to add new parties "whose names were previously unknown to Plaintiffs." (ECF No. 82-1 at 2).

Defendants oppose the motion and move to strike the motion on the basis that the Court has not yet ruled on Plaintiffs' pending Motion for Leave to File a First Amended Complaint, and "because the amendment is interposed solely for delay in obtaining a ruling on Defendants' Motion to Dismiss and to increase Defendants' expenses in responding to the amended pleading." (ECF No. 73 at 6).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave

1         sought should, as the rules require, be 'freely given.'
2 *Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.
3 2004) (citing *Forman* factors). "Not all of the [*Foman*] factors merit equal weight. As this
4 circuit and others have held, it is the consideration of prejudice to the opposing party that
5 carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd.*
6 *v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the
7 burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a
8 strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule
9 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.
10         After consideration of the submissions of the parties, the Court finds that Defendants
11 have failed to adequately demonstrate prejudice, and that the *Foman* factors do not outweigh
12 the "*presumption* under Rule 15(a) in favor of granting leave to amend" at this stage in the
13 proceedings. *Id*. In light of the three pending motions for leave to amend the Complaint,
14 Plaintiffs' most recent motion for leave to amend is granted (ECF No. 82), and the two earlier-
15 filed motions are denied as moot (ECF Nos. 47, 71). The Motion to Strike the Motion for
16 Leave to File Second Amended Complaint is denied. (ECF No. 73).

17 **III.**    *Motion to Dismiss*

18         Once filed, an amended complaint supersedes the original complaint in its entirety. *See*
19 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Because Plaintiffs have been
20 granted leave to file a second amended complaint, the Motion to Dismiss, which addresses the
21 original Complaint, is denied as moot. (ECF No. 45).

22 CONCLUSION

23     IT IS HEREBY ORDERED that the Motion for Preliminary Injunction is DENIED
24 (ECF No. 61); the Amended Motion for Leave to File Second Amended Complaint is
25 GRANTED (ECF No. 82); the Motion to Strike Motion for Leave to File Second Amended
26 Complaint is DENIED (ECF No. 73); and all remaining pending motions are DENIED as moot
27 (ECF Nos. 45, 47, 55, 56, 71, 72, 84).

28         No later than TWENTY (20) DAYS from the date of this Order, Plaintiffs shall file the

Second Amended Complaint, which will be the operative pleading in this action. The Second Amended Complaint must be complete in itself and may not incorporate by reference any prior version of the Complaint or other filing.

DATED: April 13, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge